UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN P. BAUER | CIVIL ACTION |
| VERSUS | NO. 17-8221 |
| LIVAUDAIS ELECTRICAL & CONSTRUCTION, LLC, PHILIP LIVAUDAIS, AND BOBBY LAMBERT | SECTION A(4) |

## ORDER AND REASONS

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 8)** filed by Defendants: Livaudais Electrical & Construction, LLC, Philip Livaudais, and Bobby Lambert (collectively referred to as "Defendants"). Plaintiff Stephen P. Bauer ("Bauer") opposes this motion (Rec. Doc. 10), Defendants have replied (Rec. Doc. 15), and Plaintiff has filed a surreply. (Rec. Doc. 17). The motion, set for submission on November 1, 2017, is before the Court on the briefs without oral argument. This matter is set to be tried to a jury beginning on August 27, 2018 at 8:30 a.m. Having considered the motion and memoranda of counsel, the record, and the applicable law, the Court finds that the Defendants' motion should be **GRANTED** for the reasons set forth below.

### I.   Background

Livaudais Electrical is owned by Defendant Philip Livaudais ("Livaudais") with its principal place of business located in St. Bernard Parish, Louisiana. (Rec. Doc. 1, ¶¶ 2, 3). Defendant Bobby Lambert ("Lambert") serves as office manager of Livaudais Electrical. *Id.* at ¶ 4. According to his complaint, Plaintiff Stephen Bauer worked for Livaudais Electrical & Construction, LLC ("Livaudais Electrical") as an electrician for approximately nine years. *Id.* at ¶ 10. In his complaint, Bauer claims that Livaudais violated the Fair Labor Standards Act

("FLSA") by failing to pay Bauer overtime for all hours worked in excess of 40 hours per week. *Id.* at ¶ 22. Bauer also alleges to be a non-exempt employee under the FLSA, and is therefore entitled to pay times one and a half for all hours worked over 40 hours per week. *Id.* at ¶¶ 11, 22. Allegedly, Livaudais has made no payments to properly compensate Bauer for all hours worked overtime as required by the FLSA. *Id.* at ¶ 24. When approached by Bauer about the shortfall in overtime pay, Livaudais allegedly admitted to such shortfalls, but then refused to properly compensate Bauer. *Id.* at ¶ 26. Bauer believes his insisting on being properly compensated for overtime work caused Livaudais to constructively discharge Bauer. *Id.* Bauer alleges his discharge constitutes retaliation in violation of the FLSA. *Id.*

The complaint further alleges that Lambert altered Bauer's time sheets by regularly reducing and shortening the hours recorded on Bauer's time sheets during his employment with Livaudais Electrical. *Id.* at ¶ 21. Additionally, Bauer alleges Livaudais wrongfully made payroll deductions from Bauer's paychecks for unexplained amounts and withheld payroll taxes on said deductions. *Id.* at 25. As a result, Bauer claims he was required to pay income taxes on the improperly deducted amounts. *Id.*

Bauer brings claims under the FLSA alleging that Livaudais failed to compensate Bauer for overtime work. 28 U.S.C. §§ 207, 216. Bauer also alleges that Livaudais failed to comply with Federal Labor Regulations, specifically violating 28 C.F.R. § 516.2, by "implementing a management policy, plan or decision that intentionally altered payroll and other records." *Id.* at ¶ 29. Additionally, Bauer brings a claim for retaliation under the FLSA against Livaudais. *Id.* Bauer's state law claims include conversion by Livaudais for tampering with Bauer's work hours and breach of Livaudais' contractual duty of good faith and fair dealing. *Id.* at ¶ 32. Finally, Bauer

brings the same above-mentioned claims against Lambert for his alleged assistance with Livaudais and Livaudais Electrical in depriving Bauer of fair pay.  *Id.* at ¶¶ 4, 21.

However, Defendants bring this motion for summary judgment arguing that *res judicata* bars Plaintiff's claims.  (Rec. Doc. 8, p. 8).  Defendants argue that Bauer's claims have previously been fully adjudicated before the Justice of the Peace Court in St. Bernard Parish, Louisiana. Specifically, on July 18, 2017, Judge Bruce Jackson of the St. Bernard Parish Justice of the Peace Court rendered judgment against Bauer and in favor of Livaudais and Livaudais Electrical.  (Rec. Doc. 8-5, Ex. 2).  That judgment stems from claims brought by Bauer against Livaudais and Livaudais Electrical for "maliciously and systematically for a period of at least 7 years us[ing] liquid paper on [Bauer's] hand-written time sheets to shave roughly 7-15% and in one case over 30% of worked overtime [without] [Bauer's] knowledge. . . ."  (Rec. Doc. 8-2, Ex. 1).  Also on July 18, 2017, Judge Jackson rendered judgment against Bauer and in favor of Lambert.  (Rec. Doc. 8-7, Ex. 4).  That judgment stems from claims brought by Bauer against Lambert in the same Justice of the Peace Court.  Bauer's Statement of Claim against Lambert stated, "[I'm] going to prove without doubt that Bobby Lambert played a pivotal role in the systematic theft of over [$]60,000.00 of my earned overtime over the span of my employment with Livaudais Electrical and Construction."  (Rec. Doc. 8-6, Ex. 3).

Defendants now bring this motion for summary judgment claiming that the July 18, 2017 judgments rendered in their favor bar Bauer's current claims before this Court.  The Court is now tasked with determining whether the judgments rendered against Bauer in the Justice of the Peace Court should be given *res judicata* effect.

**II.     Jurisdiction**

This Court has jurisdiction under 28 U.S.C. § 1331, as Plaintiff's claims arise in part under the laws of the United States.  Particularly, Plaintiff brings claims against Defendants for violation of the Fair Labor Standards Act.  29 U.S.C. § 201 *et seq*.  This Court also retains jurisdiction of Plaintiff's state law claims of conversion and breach of contract through supplemental jurisdiction.  28 U.S.C. § 1367(a).

**III.    Legal Standard**

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact."  *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.  *Id.* (*citing Anderson*, 477 U.S. at 248).  The Court must draw all justifiable inferences in favor of the non-moving party.  *Id.*  (*citing Anderson*, 477 U.S. at 255).  Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial.  *Id.*  (*citing* Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)).  Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.  *Id.*  (*citing SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993)).

**IV.    Law and Analysis**

To determine the preclusive effect of a prior Louisiana court judgment, if any, a federal court must apply Louisiana law.  The Louisiana doctrine of *res judicata* is articulated in Louisiana Revised Statute § 13:4231.[1]  *Lafreniere Park Found. v. Broussard*, 221 F.3d 804, 808 (5th Cir. 2000).

Louisiana courts have interpreted § 13:4231 to establish five elements that must be fulfilled to support a finding of *res judicata*: (1) the judgment must be valid; (2) the judgment must be final; (3) the parties must be the same; (4) the cause or causes of action asserted in the second suit must have existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit must have arisen out of the transaction or occurrence that was the subject matter of the first litigation.  *Rinh Nguyen v. Sirius International Insurance Corporation*, 2010 WL 11545338, at *2 (E.D. La. 2010) (*citing Chevron U.S.A., Inc. v. State of Louisiana*, 07-2469, p. 10 (La. 9/8/08); 993 So.2d 187, 194).  For *res judicata* purposes, a judgment is "valid" when it is "rendered by a court with jurisdiction over both the subject matter and the parties," and with "proper notice." *Id.*  A "final" judgment within the meaning of § 13:4321 is "one that disposes of the merits in whole or in part." *Id.*

---

[1] LA. REV. STAT. Ann. § 13:4231 (2016) states in full:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
  (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
  (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
  (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

In Plaintiff's sworn affidavit, he admits that "[i]nstead of appealing to the [St. Bernard] district court, [he] believed [he] would have a better chance of receiving justice by timely filing a complaint under the Fair Labor Standards Act with the United States District Court for the Eastern District of Louisiana." (Rec. Doc. 11-1, p. 1). The Justice of the Peace Court rendered judgment dismissing Plaintiff's claims against all Defendants on July 18, 2017. (Rec. Doc. 8-5) (judgment rejecting the demands of Bauer against Livaudais and Livaudais Electrical and dismissing the action); (Rec. Doc. 8-7) (judgment rejecting the demands of Bauer against Lambert and dismissing the action). According to Louisiana's Code of Civil Procedure, Plaintiff had fifteen days from July 18, 2017 to file an appeal with the 34th Judicial District Court for the Parish of St. Bernard, Louisiana. *See* La. Code Civ. Proc. art. 4925.[2] Therefore, Plaintiff had until August 2, 2017 to take an appeal to the district court before the judgments rendered against him became final.

Rather than arguing that the elements of *res judicata* have not been met, Plaintiff argues that neither judgment rendered by the Justice of the Peace Court should be given preclusive effect because he was not afforded a full and fair opportunity to be heard. (Rec. Doc. 10, pp. 5–6). Plaintiff alleges that the trial before the Justice of the Peace did not accord him the opportunity to present his evidence to an impartial factfinder. According to Plaintiff's Opposition, Judge Jackson refused to hear evidence of a voice recording that "proved the existence of unpaid wages and an admission of the debt on the part of Livaudais." (Rec. Doc. 10-1, p. 3). In short, the crux of Plaintiff's argument for not receiving a "full and fair opportunity" depends on Judge Jackson not considering certain evidentiary matters. However, Louisiana's Code of Civil Procedure provides that the rules of evidence are relaxed during proceedings before the Justice of the Peace Courts.

---

[2] La. Code Civ. Proc. art. 4925 provides, in relevant part:
> The appellant from a judgment rendered by a justice of the peace court or the clerk of court shall file suit for a trial de novo in the district court or the parish court within fifteen days from the date of the judgment or from the service of notice of judgment, when such notice is necessary.

6

*See* La. Code Civ. Proc. art. 4921.2, ¶ B.[3]  The Code of Civil Procedure also provides the judge in such courts with the discretion necessary to resolve the matter correctly and in a speedy manner. *See id.* at ¶ A.[4]

No matter how unpleasant or unfair Plaintiff felt about his trial before the Justice of the Peace Court, the law required Plaintiff to take his appeal to the 34th Judicial District Court for the Parish of St. Bernard.  *See* La. Code Civ. Proc. art. 4924.  At the district court level, Plaintiff would have been entitled to a trial de novo without the jurisdictional monetary limit of the Justice of the Peace Court.  *Id. at* ¶ B.

The Court agrees with Defendant's argument that allowing Plaintiff to defeat the application of *res judicata* in this instance would eviscerate the doctrine of *res judicata*. (Rec. Doc. 15, p. 7); *see also Sil-Flo, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1521 (10th Cir. 1990).  Allowing Plaintiff's claims to remain before this Court would be allowing the re-litigation of final judgments.  Such a result is the exact circumstance that the doctrine of *res judicata* is designed to avoid.

The Court recognizes the circumstance in which *res judicata* may not apply where the final judgment was rendered by a biased adjudicator.  In *Dresser v. Ohio Hempery, Inc.*, Judge Vance held that due process is violated when an unfair and biased adjudicator renders judgment.  2011 WL 2416595, at *8 (E.D. La. 2011).  Thus, such judgments are not binding under *res judicata*

---

[3] La. Code Civ. Proc. art. 4921.2, ¶ B provides:
  B. The technical rules of evidence are relaxed, and all relevant evidence is admissible, including hearsay, provided the justice of the peace satisfies himself of its general reliability, and further provided that the judgment is founded upon competent evidence.

[4] La. Code Civ. Proc. art. 4921.2, ¶ A provides:
  A. At trial, it is the duty of the justice of the peace to conduct an informal hearing and to develop all of the facts necessary and relevant to an impartial determination of the case.  The judge may take testimony, summon any party to appear as a witness in the suit upon his own motion, and do other acts which in his discretion appear necessary to effect a correct judgment and speedy disposition of the case.  He may attempt to mediate disputes and encourage fair settlements among the parties.

and/or collateral estoppel. *Id.* However, in this case, Plaintiff's principal argument that *res judicata* should not apply focuses on the exclusion of certain evidence, rather than Judge Jackson being a biased adjudicator. In *Dresser,* Judge Vance was tasked with determining whether proceedings before an ALJ afforded the litigants a "fair and full opportunity." *Id.* Plaintiff in that case submitted detailed allegations that the ALJ made *ex parte* communications and the outcome of the case was predetermined before any evidence was introduced. *Id.* at *7. In the case currently before this Court, Plaintiff makes only the conclusory allegation that in the fifteen minute trial before Judge Jackson, Plaintiff was not given a "full and fair opportunity to present his evidence to an impartial fact-finder." (Rec. Doc. 10, p. 6). Again, Plaintiff's argument that he did not receive a full and fair opportunity to be heard relies mainly on the brevity of trial and Judge Jackson's refusal to consider some evidence. *Id.* These concerns do not show Judge Jackson's judgments were predetermined, improperly influenced by an outside party, or biased in any way. Rather, Plaintiff's arguments that Judge Jackson erred in evidentiary rulings and failed to consider relevant exhibits were arguments suited for appeal to the St. Bernard District Court.

### V. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion and dismisses this case.

Accordingly;

IT IS ORDERED that Defendants' **Motion for Summary Judgment (Rec. Doc. 8)** is **GRANTED**;

IT IS FURTHER ORDERED that this matter is **DISMISSED WITH PREJUDICE**.

December 11, 2017

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE